# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WESTERN ENERGY COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:07-cv-02237 (RCL) |
| ) | |
| DIRK KEMPTHORNE, C. STEPHEN ) | |
| ALLRED, RANDALL B. LUTHI, and ) | |
| THE UNITED STATES DEPARTMENT) | |
| OF THE INTERIOR ) | |
| ) | |
| Defendants. ) | |
| ———————————————— ) | |

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Answering specifically the numbered paragraphs of plaintiff's Complaint for Declaratory and Injunctive Relief, federal defendants ("Interior") hereby admit, deny, and allege as follows:

1. Interior denies the allegations in the third sentence. Because the remaining allegations in paragraph 1 attempt to paraphrase plaintiff's subjective intentions in commencing this lawsuit, Interior has insufficient knowledge or information to form a belief as to the truth or falsity of those allegations.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted.

4. Paragraph 4 is admitted.

1

5.  Paragraph 5 is admitted.

6.  Paragraph 6 is admitted.

7. Interior denies the allegations in the second sentence.  Because the remaining allegations in paragraph 7 are legal conclusions, they require no response.

8.   Because the allegations in paragraph 8 are legal conclusions, they require no response.

9.  Interior has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 9.   On information and belief, federal defendants aver that Western Energy holds several federal leases to produce coal from the Rosebud Mining Complex ("Rosebud"), located 130 miles East of Billings, Montana.

10.  To the extent that the allegations in paragraph 10 purport to construe or quote language from documents in the administrative record, Interior respectfully refers the Court to the language of those documents for a true statement of their contents.  To the extent that plaintiff's allegations are inconsistent with this language, federal defendants deny them.

11. To the extent that the allegations in paragraph 11 purport to construe or quote language from documents in the administrative record, including the Arbitration Opinion specified therein, Interior respectfully refers the Court to the language of those documents for a true statement of their contents.  To the extent that plaintiff's allegations are inconsistent with this language, federal defendants deny them.

12.  Interior denies the allegations in the third sentence.  To the extent that the remaining allegations in paragraph 12 purport to construe or quote language from documents

2

in the administrative record, including the Coal Supply Agreement and the Arbitration Opinion specified therein, Interior respectfully refers the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, federal defendants deny them.

13. To the extent that the allegations in paragraph 13 purport to construe or quote language from documents in the administrative record, including a 28 March 1991 Minerals Management Service ("MMS") Determination Letter, Interior respectfully refers the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, federal defendants deny them.

14. To the extent that the allegations in paragraph 14 purport to construe or quote language from documents in the administrative record, Interior respectfully refers the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, federal defendants deny them.

15. Interior denies the allegations in the third sentence. To the extent that the remaining allegations in paragraph 15 purport to construe or quote language from documents in the administrative record, Interior respectfully refers the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, federal defendants deny them.

16. To the extent that the allegations in paragraph 16 purport to construe or quote language from documents in the administrative record, including a 28 March 1991

3

Minerals Management Service ("MMS") Determination Letter and a Coal Transportation Agreement effective July 10, 1981, Interior respectfully refers the Court to the language of those documents for a true statement of their contents.  To the extent that plaintiff's allegations are inconsistent with this language, federal defendants deny them.

17.  Paragraph 17 is denied.  Interior avers that, although the agreements were executed in different years, they each arose from (1) negotiations between Western Energy and the owners of the Colstrip Power Plant and (2) recommendations from the Arbitration Opinion to effect a long-term supply of coal from Area C for use at two units of the Colstrip Plant.  Federal defendants also aver that, on these grounds, these agreements are part of the same transaction and that each agreement predates the beginning of coal deliveries  in 1983 by Western Energy.

18.  Interior denies the allegations in the third sentence.  Because the remaining allegations in paragraph 18 are legal conclusions, they require no response.  To the extent that plaintiff purports to construe or quote language from a federal statute or federal regulations, federal defendants respectfully refer the Court to the language of those authorities for a true statement of their contents.  To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

19.  Interior denies the allegations in the third sentence and also avers that the federal regulation specified therein provides that the value of production "shall not include payments received by the lessee pursuant to a contract *which the lessee demonstrates, to MMS' satisfaction,* were not part of the total consideration paid for the purchase of coal

4

production." 30 C.F.R.§206.257(b)(5)(emphasis supplied).  Because the remaining

allegations in paragraph 19 are legal conclusions, they require no response.

20.  To the extent that the allegations in paragraph 20 purport to construe or

quote language from an Interior or MMS regulation, federal defendants respectfully refer the

Court to the language of that regulation for a true statement of its contents.  To the extent that

plaintiff's allegations are inconsistent with this language, Interior denies them. Interior also

avers that federal regulations require MMS to add to the lessee's gross proceeds any

additional consideration the lessee receives for the disposition of its coal.  The regulations

at 30 C.F.R.§206.257(b)(2) provide:

> In conducting reviews and audits, MMS will examine whether
> the contract reflects *the total consideration actually transferred*
> *either directly or indirectly from the buyer to the seller for the*
> *coal produced.*  If the contract does not reflect the total
> consideration, then the MMS may require that the coal sold
> pursuant to that contract be valued in accordance with paragraph
> (c) of this section.  *Value may not be based on less than the*
> *gross proceeds accruing to the lessee for the coal production,*
> *including the additional consideration* (emphasis supplied).

21.  Interior denies the allegations in the first sentence. To the extent that the

remaining allegations in paragraph 21 purport to construe or quote language from documents

in the administrative record, Interior respectfully refers the Court to the language of those

documents for a true statement of their contents.  To the extent that plaintiff's allegations are

inconsistent with this language, federal defendants deny them.

22.  Paragraph 22 is denied.

23.  Interior admits the allegations in the fourth sentence.  To the extent that

5

the remaining allegations in paragraph 23 purport to construe or quote language from documents in the administrative record, including a MMS Order to Pay Additional Royalties issued by MMS for the audit period October 1, 1991, through December 31, 1995 ("2002 MMS Order"), Interior respectfully refers the Court to the language of those documents for a true statement of their contents.  To the extent that plaintiff's allegations are inconsistent with this language, federal defendants deny them.

24. Interior denies the allegations in the fourth sentence and admits the allegations in the fifth sentence.  To the extent that the remaining allegations in paragraph 24 purport to construe or quote language from documents in the administrative record, including a MMS Order to Pay Additional Royalties issued by MMS for the audit period January 1, 1996, through December 31, 2001 ("2003 MMS Order"), Interior respectfully refers the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, federal defendants deny them.

25. Interior admits the allegations in the fourth sentence.  To the extent that the remaining allegations in paragraph 25 purport to construe or quote language from documents in the administrative record, including a Decision issued by MMS Associate Director for Policy and Management Improvement on March 28, 2005 ("Associate Director's Decision"), Interior respectfully refers the Court to the language of those documents for a true statement of their contents.  To the extent that plaintiff's allegations are inconsistent with this language, federal defendants deny them.

26. Interior admits the allegations in the first sentence. To the extent that the remaining allegations in paragraph 26 purport to construe or quote language from documents in the administrative record, including the Associate Director's Decision, Interior respectfully refers the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, federal defendants deny them.

27. To the extent that the allegations of paragraph 27 purport to construe or quote language from documents in the administrative record, including the decision of the Assistant Secretary for Land and Minerals Management, defendant respectfully refers the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with such language, defendant denies them

28. Paragraph 28 requires no response, but Interior incorporates all previous answers by reference.

29. Paragraph 29 is denied.

30. Paragraph 30 requires no response, but Interior incorporates all previous answers by reference.

31. Paragraph 31 is denied.

32. Paragraph 32 requires no response, but Interior incorporates all previous answers by reference.

33. Paragraph 33 is denied.

34. Paragraph 34 requires no response, but Interior incorporates all previous

answers by reference.

35.   Paragraph 35 is denied.

36.   Paragraph 36 requires no response, but Interior incorporates all previous answers by reference.

37.   Paragraph 37 is denied.

38.   Paragraph 38 requires no response, but Interior incorporates all previous answers by reference.

39.   Paragraph 39 is denied.

40.   Paragraph 40 requires no response, but Interior incorporates all previous answers by reference.

41.   Paragraph 41 is denied.

42.   Paragraph 42 requires no response, but Interior incorporates all previous answers by reference.

43.   Paragraph 43 is denied.

44.   Paragraph 44 requires no response, but Interior incorporates all previous answers by reference.

45.   Paragraph 45 is denied.

46.   Paragraph 46 requires no response, but Interior incorporates all previous answers by reference.

47.   Paragraph 47 is denied.

48.   Interior denies each and every allegation of the First Amended Complaint

for Declaratory and Injunctive Relief not otherwise expressly admitted, qualified, or denied by this Answer. To the extent that any allegations in this complaint remain unanswered, federal defendants deny such allegations.

### **AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

**WHEREFORE**, federal defendants respectfully pray the Court:

  1.  For an order dismissing plaintiff's complaint.

  2.  For such other and further relief, including costs and attorney fees, as is deemed just and proper by this Court.

Respectfully submitted,

*/s/ Gregory D. Page*
GREGORY D. PAGE, DC Bar 398121
U.S. Department of Justice
Environment and Natural Resources Section
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0446
Attorneys for the Federal Defendants

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been

served by electronic filing on 5 June 2008 to the following counsel of record:

> Thad S. Huffman
> JACKSON KELLY PLLC
> 2401 Pennsylvania Avenue, N.W.
> Suite 400
> Washington, D.C.  20037
> (202) 973-0200

> */s/ Gregory D. Page*
>  Gregory D. Page